UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA B. CHARLES,<br><br>Plaintiff,<br><br>v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT, et al,<br><br>Defendants. | No.  2:23-cv-02200 DAD AC (PS)<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

I.  SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

Plaintiff field what appear to be multiple complaints attached together. The first is 15 pages, located at ECF No. 1. The second is 16 pages, located at ECF No. 1-1, as an attachment to the first compliant. The third is 62 pages, located at ECF No. 1-2, as another attachment to the first complaint. A document attached at ECF No. 1-3 is the only document with any substantive information. Here, plaintiff alleges that in 2021 she was awarded a payout for her Air Force Retirement Annuity through a court order, but she has not received any payout. ECF No. 1-3 at 4. Plaintiff does not provide any other information regarding the alleged prior court case. Plaintiff states she has attempted to contact the U.S. Attorney General's Office and the U.S. Department of Justice but has not received a response. Id. at 5.

## III.  FAILURE TO STATE A CLAIM

The complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). The exact nature of what happened to plaintiff is unclear from the complaint, which does not provide enough clear information for the court to determine what plaintiff's claim is, and what the factual basis for the claim is. The court cannot tell from examining the complaint what legal wrong was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks. Rather than recommending dismissal of the action, the undersigned will provide plaintiffs an opportunity to amend their complaint to clearly allege legal claims. The complaint should be one document, which clearly states (1) what legal harm was done, (2) by whom, (3) and how plaintiff was injured. The current complaint, which consists of multiple attachments, is not compliant with the Federal Rules and cannot be served at this time.

IV.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See  Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court.  The court cannot tell from your complaint what legal harm was done to you.  Because the complaint as written does not clearly state what legal harm was done to you, what the factual basis is for the legal harm, who committed the harm, and what your injuries are, it will not be served on defendants.  Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction and clearly identifies claims for relief.  If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  Without this information, the court cannot tell what legal claims you are trying to bring against the defendants.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 10, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE