UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA B. CHARLES,<br><br>Plaintiff,<br><br>v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT, et. al.,<br><br>Defendants. | No. 2:23-cv-02200 DAD AC PS<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and that motion was previously granted. See 28 U.S.C. § 1915(a)(1), ECF No. 3. The court rejected plaintiff's original complaint pursuant to the screening process associated with IFP status, but granted leave to amend. ECF No. 3. Plaintiff has now filed her first amended complaint, which she titled "Short and Plain Statement." ECF No. 4.

## I. SCREENING STANDARDS

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

////

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. SCREENING THE AMENDED COMPLAINT

Plaintiff asserts that federal jurisdiction exists because the parties are part of the Federal Government, though plaintiff does not expressly identify the parties. ECF No. 4 at 1. Plaintiff alleges she is entitled to relief because the U.S. Office of Personnel Management and its employees are responsible for "providing vested annuities retirement payment per contact." Id. Plaintiff states that the new online portal for account holders has caused a range of problems and complaints that include access and payment issues, including retirement fund transfers not being sent to individual banking accounts. Id. Plaintiff alleges she has been unable to access her account funds, has experienced long wait times when trying to contact the office, and still has not received her account information, annuity payments, or her 1099 R statements. Id. at 1-2. Plaintiff seeks a lump sum annuity retirement payout, a future payout, and access to her annuity retirement account. Id. at 2. Plaintiff does not identify any specific legal cause of action.

Plaintiff's First Amended Complaint cannot be served because it does not state any legal cause of action upon which relief can be granted. "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

1     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

    Here, plaintiff's amended complaint fails to state a claim because it does not identify any causes of action. Plaintiff does not identify any basis for relief in court. Without any legal cause of action, there is no relief this court can provide. Further, the amended complaint is incomplete because it does not properly identify the parties. For these reasons, the amended complaint cannot be served as currently drafted.

### III.  AMENDING THE COMPLAINT

    Plaintiff will be given a final opportunity to file a serviceable amended complaint. As plaintiff was previously instructed, an amended complaint must contain a short and plain statement of plaintiff's claims. To further clarify, the complaint must also be complete and include claims for legal relief. That is, it must state what the defendants did that harmed the plaintiff, and why that action is a violation of law that this court can redress. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). To the extent possible, plaintiff should provide the information identified as missing above.

    An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original and prior complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456

4

n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.  PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your amended complaint cannot be served because it is incomplete and because it does not identify any legal causes of action.  You are being given a final opportunity to submit an amended complaint that this court can serve.  You must file this second amended complaint within 30 days.  The second amended complaint should be simple, concise, and direct.  You should provide information that clearly states (1) the basis for federal jurisdiction, (2) the alleged harm you suffered and how each defendant harmed you, and (3) the laws that you believe were violated, and (4)  the relief you are seeking.  The amended complaint should briefly provide the necessary information, following the directions above.

### V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The first amended complaint (ECF No. 4) fails to state a claim upon which relief can be granted and will not be served;

2. Plaintiff must file a second amended complaint within 30 days from the date of this order.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

DATED: November 14, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE